**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TOMS KING (OHIO) LLC | ) | Case No. 23-50001 (AMK) |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |
| | ) | Judge Alan M. Koschik |
| | ) | |

## GLOBAL NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS

### Introduction

TOMS King (Ohio) LLC; TOMS King LLC; TOMS King (Illinois) LLC; TOMS King (Penn.) LLC; TOMS King (Virginia) LLC; TOMS King (Ohio II) LLC; and TOMS King III LLC (collectively, the "Debtors") with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements," and together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the Northern District of Ohio (the "Bankruptcy Court"), pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of each Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor (whether publicly filed or otherwise). Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. taxpayer identification number, are: TOMS King (Ohio) LLC (9126); TOMS King LLC (4221); TOMS King (Illinois) LLC (9171); TOMS King (Penn.) LLC (7148); TOMS King (Virginia) LLC (8226); TOMS King (Ohio II) LLC (4081) and TOMS King III LLC (No EIN Number). The Debtors' corporate headquarters is located at 220 N. Smith Street, Suite 305, Palatine, IL 60067.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements.

The Debtors and their officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and Statements. Except as expressly required by the Bankruptcy Code, the Debtors and their officers, employees, agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or re-categorized. The Debtors, on behalf of themselves, their officers, employees, agents, and advisors disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

The Schedules and Statements have been signed by an authorized representative of each of the Debtors. In reviewing and signing the Schedules and Statements, this representative relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals. The representative has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses.

## Global Notes and Overview of Methodology

1. **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim ("Claim") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid

2

transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

A listing in the Schedules or Statements (including, without limitation, Schedule A/B, Schedule E/F or Statement 4) by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court.

2. **<u>Description of Cases and "as of" Information Date</u>**. On January 2, 2023 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**The asset and liability information provided in the Schedules and Statements, except as otherwise noted, represents the asset data of the Debtors as of the close of business on January 2, 2023.**

3. **<u>Net Book Value of Assets</u>**. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of the close of business on January 2, 2023 of certain assets, such as patents, trademarks, and copyrights, may materially differ from their fair market values, they may be listed as undetermined amounts as of the Petition Date. Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes may not appear in the Schedules and Statements if they have no net book value.

4. **<u>Recharacterization</u>**. Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

5. **<u>Real Property and Personal Property–Leased</u>**. In the ordinary course of their businesses, the Debtors lease real property and various articles of personal property, including, fixtures, and equipment, from certain third-party lessors. However, nothing in the Schedules or Statements is or shall be construed as an admission or determination as to

the legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement).

6.  **Excluded Assets and Liabilities**.  The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, accrued salaries, employee benefit accruals, and deferred gains.  In addition, certain immaterial assets and liabilities may have been excluded.

7.  **Insiders**.  Solely, for purposes of the Schedules and Statements, the Debtors define "insiders" to include the following: (a) directors; (b) senior level officers; (c) equity holders holding in excess of 10% of the voting securities of the Debtor entities; (d) Debtor affiliates; and (e) relatives of any of the foregoing (to the extent known by the Debtors).  Correct Entities listed as "insiders" have been included for informational purposes and their inclusion shall not constitute an admission that those entities are insiders for purposes of section 101(31) of the Bankruptcy Code.

8.  **Intellectual Property Rights**.  The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another Debtor.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

9.  **Executory Contracts and Unexpired Leases**.  Although the Debtors made diligent attempts to attribute executory contracts and unexpired leases to their rightful Debtors, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses.

4

Moreover, other than real property leases reported in Schedule A/B Part 9, the Debtors have not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates. The Debtors' executory contracts and unexpired leases have been set forth in Schedule G.

10. **Materialman's/Mechanic's Liens**. The assets listed in the Schedules and Statements are presented without consideration of any materialman's or mechanic's liens.

11. **Classifications**. Listing a Claim or contract on (a) Schedule D as "secured," (b) Schedule E/F part 1 as "priority," (c) Schedule E/F part 2 as "unsecured," or (d) Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such Claims or contracts or leases or to setoff of such Claims.

12. **Claims Description**. Schedules D and E/F permit each Debtor to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

13. **Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

14. **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

    a.     **Undetermined Amounts**. The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

5

b.     <u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

c.     <u>Liens</u>. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

15. **<u>Estimates and Assumptions</u>**. Because of the timing of the filings, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. Actual amounts could differ from those estimates, perhaps materially.

16. **<u>Currency</u>**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

17. **<u>Intercompany.</u>** The Debtors have not listed in the Schedules or Statements (including, without limitation, Schedule A/B or Schedule E/F) any obligation between a Debtor and another Debtor since they have never historically settled any outstanding amounts. Also, what appears in the Debtors' books and records does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court.

18. **<u>Setoffs</u>**. The Debtors incur certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, refunds, warranties, debit memos, credits, and other disputes between the Debtors and their suppliers, franchisees, and/or customers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.

19. **<u>Global Notes Control</u>**. If the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

**<u>Specific Disclosures with Respect to the Debtors' Schedules</u>**

**<u>Schedule A/B</u>**. All values set forth in Schedule A/B reflect the book value of the Debtors' assets as of the close of business on January 2, 2023, unless otherwise noted below. Other than real property leases reported on Schedule A/B Part 9, the Debtors have not included leases and contracts on Schedule A/B. Leases and contracts are listed on Schedule G.

**<u>Schedule A/B 3</u>**. Cash values held in financial accounts are listed on Schedule A/B 3 as of the close of business on January 2, 2023. Details with respect to the Debtors' cash management system

6

and bank accounts are provided in the *Debtors Motion for Entry of Interim and Final Orders Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Granting Related Relief* [Docket No. 13] (the "Cash Management Motion").

**Schedules A/B 15**.  Ownership interests in subsidiaries have been listed in Schedules A/B 15 as an undetermined amount because the fair market value of such ownership is dependent on numerous variables and factors and likely differs significantly from their net book value.

**Schedule A/B 55**.  The Debtors have listed their real property leases and leasehold interests in Schedule A/B 55.

**Schedule A/B 74 & 75**.  In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-Claims, setoffs, refunds, or potential warranty Claims against their landlords and/or vendors.  Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, Claims as a plaintiff or counter-Claims as a defendant. Accordingly, certain claims are potentially unknown to the Debtors, and by their nature not quantifiable as of the Petition Date. Accordingly, they are not listed on Schedule AB 74 or 75. The Debtors' failure to list any contingent and/or unliquidated claim held by the Debtors in response to these questions shall not constitute a waiver, release, relinquishment, or forfeiture of such claim.

**Schedule D**.  The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, not all such dates are included.  All Claims listed on Schedule D, however, appear to have been incurred before the Petition Date.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights, surety bonds, or inchoate statutory lien rights.

**Schedule E/F part 2**.  The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F part 2, based upon the Debtors' books and records as of the Petition Date.

Determining the date upon which each Claim on Schedule E/F part 2 was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule E/F part 2.  Furthermore, claims listed on Schedule E/F part 2 may have been aggregated by unique creditor name and remit to address and may include several dates of incurrence for the aggregate balance listed. Further, under the Debtors existing and former

7

Workers Compensation insurance policies, outstanding and incurred but not yet reported claims may exist and are not listed on Schedule E/F.

Schedule E/F part 2 contains information regarding pending litigation involving the Debtors. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements. Schedule E/F part 2 also includes potential or threatened litigation claims. Any information contained in Schedule E/F part 2 with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the potential suits and proceedings included therein. The Debtors expressly incorporate by reference into Schedule E/F part 2 all parties to pending litigation listed in the Debtors' Statements 7, as contingent, unliquidated, and disputed claims, to the extent not already listed on Schedule E/F part 2.

Schedule E/F part 2 includes the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of executory contracts or unexpired leases. Additionally, Schedule E/F part 2 does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Schedule G**. Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts. Listing or omitting a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is or is not an executory contract or unexpired lease was in effect on the Petition Date or is valid or enforceable. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

Certain confidentiality and non-disclosure agreements may not be listed on Schedule G.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable, or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects

8

such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance, and attornment agreements, supplemental agreements, settlement agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such agreements may not be set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on the Schedule G.

**Schedule H**. For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition debt facilities are listed as Co-Debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties. Because the Debtors have treated all such Claims as contingent, disputed, or unliquidated, such Claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule E/F part 2 and Statement 7, as applicable.

## Specific Disclosures with Respect to the Debtors' Statements

**Statement 3**. Statement 3 includes any disbursement or other transfer made by the Debtors within 90 days before the Petition Date except for those made to insiders (which payments appear in response to Statement question 4), employee payroll, and bankruptcy professionals (which payments appear in Statement 11 and include any retainers paid to bankruptcy professionals). The amounts listed in Statement 3 reflect the Debtors' disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3. All disbursements listed on Statement 3 are made through the Debtors' consolidated cash management system maintained as set forth in the Debtors' Cash Management Motion and listed for that Debtor.

**Statement 4**. Statement 4 accounts for a respective Debtor's transfers to insiders as applicable. With respect to individuals, the amounts listed reflect the universe of payments and transfers to such individuals including compensation, bonus (if any), expense reimbursement, relocation reimbursement, and/or severance.

**Statement 7**. Information provided in Statement 7 may not include every administrative agency proceeding (including administration of worker compensation insurance claims) open or closed during the relevant time period, as certain agency proceedings are quickly dismissed or settled for a nominal sum. Additionally, any information contained in Statement 7 shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

**Statement 10**. The Debtors occasionally incur losses for a variety of reasons, including theft and property damage. The Debtors, however, may not have records of all such losses if such losses do

9

not have a material impact on the Debtors' businesses or are not reported for insurance purposes. The losses listed on Statement 10 are based on the estimated amounts currently owed and are not intended to be an admission of the amounts owed.

**Statement 11**.  Out of an abundance of caution, the Debtors have included payments to all professionals who have rendered any advice related the Debtors' bankruptcy proceedings in Statement 11.  However, it is possible that the disclosed fees also relate to other, non-bankruptcy related services and may include services rendered to other parties.

WBD (US) 60486213v2

| Debtor Name | **TOMS KING III LLC** |
|---|---|

**United States Bankruptcy Court for the Northern District of Ohio**

| Case number (if known): | **23-50007-AMK** |
|---|---|

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals

12/15

---

**Part 1:** **Summary of Assets**

---

*1. Schedule A/B: Assets - Real and Personal Property*     (Official Form 206A/B)

1a. **Real property:**
   Copy line 88 from *Schedule A/B*..............................................................................................

   $0.00

1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*..........................................................................................

   $0.00

1c. **Total of all property:**
   Copyline 92 from *Schedule A/B*...............................................................................................

   $0.00

---

**Part 2:** **Summary of Liabilities**

---

2.   *Schedule D: Creditors Who Have Claims Secured by Property*     (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of Schedule D...........................

   $0.00

3.   *Schedule E/F: Creditors Who Have Unsecured Claims*   (Official Form 206E/F)

3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from the line 5a of *Schedule E/F*.............................................................

   $0.00

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*......................................

   **+** $0.00

4.   **Total liabilities**  ...........................................................................................................................
   Lines 2 + 3a + 3b

   $0.00

| Debtor Name | **TOMS KING III LLC** |
|---|---|
| **United States Bankruptcy Court for the Northern District of Ohio** | |
| Case number (if known): | **23-50007-AMK** |

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

**12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized.  In Schedule A/B, list any executory contracts or unexpired leases.  Also list them on  *Schedule G: Executory Contracts and Unexpired Leases*     (Official Form 206G).

Be complete and accurate as possible.  If more space is needed, attach a separate spreadsheet to this form.  At the top of any pages added, write the debtor's name and case number (if known).  Also identify the form and line number to which the additional information applies.  If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the approriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category.  List each asset only once.  In valuing the debtor's interest, do not deduct the value of secured claims.  See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1.   **Does the debtor have any cash or cash equivalents?**

☑ No. Go to Part 2.
☐ Yes. Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor**

**Current value of debtor's interest**

2.   **Cash on hand**

3.   **Checking, savings, money market, or financial brokerage accounts**
Name of institution (bank or brokerage firm)            Type of account            Last 4 digits of account number

4.   **Other cash equivalents**

5.   **Total of Part 1**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | Deposits and prepayments |
|---|---|

6.   **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

**Current value of
debtor's interest**

7.   **Deposits, including security deposits and utility deposits**
     Description, including name of holder of deposit

8.   **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
     Description, including name of holder of prepayment

9.   **Total of Part 2**
     Add lines 7 through 8.  Copy the total to line 81.

| Part 3: | Accounts Receivable |
|---------|---------------------|

10.  **Does the debtor have any accounts receivable?**

     ☑ No. Go to Part 4.

     ☐ Yes. Fill in the information below.

**Current value of
debtor's interest**

11.  **Accounts receivable**

     11a. 90 days old or less:    _____  -  _____  =
                                  face amount                 doubtful or uncollectible accounts

     11b. Over 90 days old:       _____  -  _____  =
                                  face amount                 doubtful or uncollectible accounts

12.  **Total of Part 3**
     Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

| Part 4: | Investments |
|---------|-------------|

13.  **Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. Mutual funds of publicly traded stocks not included in Part 1**
Name of fund or stock:

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
Name of entity:                                          % of ownership:

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

**17. Total of Part 4**
Add lines 14 through 16. Copy the total to line 83.

**Part 5:** Inventory, excluding agricultural assets

**18. Does the debtor own any inventory (excluding agricultual assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

**19. Raw Materials**

**20. Work in progress**

**21. Finished goods, including goods held for resale**

22.  **Other inventory or supplies**

23.  **Total of Part 5**
     Add lines 19 through 22. Copy the total to line 84.

24.  **Is any of the property listed in Part 5 perishable?**

     ☐ No.
     ☐ Yes.

25.  **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

     ☐ No.
     ☐ Yes.      Book Value $ _____   Valuation Method _____   Current Value $ _____

26.  **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

     ☐ No.
     ☐ Yes.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

27.  **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

     ☑ No. Go to Part 7.
     ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valution method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28.  **Crops - either planted of harvested** | | | |

29. **Farm animals**
    Examples: Livestock, poultry, farm-raised fish

30. **Farm machinery and equipment**
    (Other than titled motor vehicles)

31. **Farm and fishing supplies, chemicals, and feed**

32. **Other farming and fishing-related property not already listed in Part 6**

33. **Total of Part 6**
    Add lines 28 through 32. Copy the total to line 85.

34. **Is the debtor a member of an agricultural cooperative?**

    ☐ No.
    ☐ Yes.

    **Is any of the debtor's property stored at the cooperative?**

    ☐ No.
    ☐ Yes.

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

    ☐ No.
    ☐ Yes.    Book Value $ _____    Valuation Method _____    Current Value $ _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

    ☐ No.
    ☐ Yes.

37.  **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

**Part 7:**  **Office furniture, fixtures, and equipment; and collectibles**

38.  **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39.  **Office furniture** | | | |
| 40.  **Office fixtures** | | | |
| 41.  **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 42.  **Collectibles** Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |

43.  **Total of Part 7.**
     Add lines 39 through 42.  Copy the total to line 86.

44.  **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No.

☐ Yes.

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

| Part 8: | Machinery, equipment, and vehicles |
|---------|-----------------------------------|

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---------------------|-------------------------------------|----------------------------------------|------------------------------------|

47. **Automobiles, vans, trucks, motorcycles, trailers, or titled farm vehicles**

48. **Watercraft, trailers, motors, and related accessories**
    Examples: Boats, trailers, motors, floating homes, personal watercraft, fishing vessels

49. **Aircraft and accessories**

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

51. **Total of Part 8.**
    Add lines 47 through 50. Copy the total to line 87.

52.  **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No.

☐ Yes.

53.  **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

| Part 9: | Real property |
|---------|---------------|

54.  **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

55.  **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

56.  **Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.  Copy the total to line 88.

57.  **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No.

☐ Yes.

58.  **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

**Part 10:        Intangibles and intellectual property**

59.   **Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60.   **Patents, copyrights, trademarks, or trade secrets** | | | |
| 61.   **Internet domain names and websites** | | | |
| 62.   **Licenses, franchises, and royalties** | | | |
| 63.   **Customer lists, mailing lists, or other compilations** | | | |
| 64.   **Other intangibles, or intellectual property** | | | |
| 65.   **Goodwill** | | | |

66.   **Total of Part 10.**
       Add lines 60 through 65.  Copy the total to line 89.

67.  **Do your lists or records include personally identifiable information of customers?**

☐ No.
☐ Yes.

68.  **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No.
☐ Yes.

69.  **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No.
☐ Yes.

**Part 11:**        **All other assets**

70.  **Does the debtor own any other assets that have not yet been reported on this form?**

☑ No. Go to Part 12.
☐ Yes. Fill in the information below.

                                                                                    **Current value of**
                                                                                    **debtor's interest**

71.  **Notes receivable**
     Description (include name of obligor)

                                            -                              =
                        _____      _____
                        Total face amount       Doubtful or uncollectible amount

72.  **Tax refunds and unused net operating losses (NOLs)**
     Description (for example, federal, state, local)

73.  **Interests in insurance policies or annuities**

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

    Potential claims against Burger King Company LLC                                    Unknown

    **Nature of claim**

    **Amount Requested**          Unknown

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

    **Nature of claim**

    **Amount Requested**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed**
    Examples: Season tickets, country club membership

78. **Total of Part 11.**
    Add lines 71 through 77.  Copy the total to line 90.

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

    ☐ No.

    ☐ Yes.

| Part 12: | Summary |
| --- | --- |

| | Type of property | Current value of personal property | Current value of real property |
| --- | --- | --- | --- |
| 80. | **Cash, cash equivalents, and financial assets.**   *Copy line 5, Part 1.* | | |
| 81. | **Deposits and prepayments.**   *Copy line 9, Part 2.* | | |
| 82. | **Accounts receivable.**   *Copy line 12, Part 3.* | | |
| 83. | **Investments.**   *Copy line 17, Part 4.* | | |
| 84. | **Inventory.**   *Copy line 23, Part 5.* | | |
| 85. | **Farming and fishing-related assets.**   *Copy line 33, Part 6.* | | |
| 86. | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | | |
| 87. | **Machinery, equipment, and vehicles.**   *Copy line 51, Part 8.* | | |
| 88. | **Real Property.**   *Copy line 56, Part 9.* | | |
| 89. | **Intangibles and intellectual property.**   *Copy line 66, Part 10.* | | |
| 90. | **All other assets.**   *Copy line 78, Part 11.* | | |
| 91. | **Total.**  Add lines 80 through 90 for each column. | 91a.  $0.00 | **+** 91b.  $0.00 |
| 92. | **Total of all property on Schedule A/B.**   Lines 91a + 91b = 92................................................. | | $0.00 |

| Debtor Name | **TOMS KING III LLC** |
|---|---|

**United States Bankruptcy Court for the Northern District of Ohio**

Case number (if known): **23-50007-AMK**

☐ Check if this is an amended filing

## Official Form 206D

## Schedule D - Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible**

**1. Do any creditors have claims secured by debtor's property?**

☒ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

## Part 1: List Creditors Who Have Secured Claims

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

**Amount of Claim**
Do not deduct the value of collateral

**Value of collateral that supports this claim**

Creditor's name

**NONE**

Creditor's mailing address

Describe debtor's property that is subject to a lien

Describe the lien

Creditor's email address, if known

Date debt was incurred

**Is the creditor an insider or related party?**

☐ No

☐ Yes

**Is anyone else liable on this claim?**

☐ No

☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

Do multiple creditors have an interest in the same property?

☐ No

☐ Yes. Specify each creditor, including this creditor and its relative priority.

☐ No. Specify each creditor, including this creditor, and its relative priority.

**As of the petition filing date, the claim is:**

☐ Contingent

☐ Unliquidated

☐ Disputed

☐ Yes. The relative priority of creditors is specified on lines

| Debtor Name | **TOMS KING III LLC** | |
|---|---|---|
| **United States Bankruptcy Court for the Northern District of Ohio** | | |
| Case number (if known): | **23-50007-AMK** | ☐ Check if this is an amended filing |

Official Form 206E/F

# Schedule E/F - Creditors Who Have Claims Unsecured Claims                    12/15

Be as complete and accurate as possible.  Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.  List the other party to any executory contracts or unexpired leases that could result in a claim.  Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property*   (Official Form 206A/B) and on  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).  Number the entries in Parts 1 and 2 in the boxes on the left.  If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1:    List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?**

☒ No. Go to Part 2.
☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.**    If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|
| **2.1** | **Priority creditor's name and mailing address** | As of the petition filing date, the claim is: $_____ | $_____ |

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

**Basis for the claim:**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☐ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (          )

## Part 2:     List All Creditors with NONPRIORITY Unsecured Claims

|  | Amount of claim |
|---|---|

**3.1**     **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**

☐ No
☐ Yes

| **Part 3:** | **List Others to Be Notified About Unsecured Claims** |

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors**

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

| **Part 4:** | **Total Amounts of the Priority and Nonpriority Unsecured Claims** |
| --- | --- |

**5. Add the amounts of priority and nonpriority unsecured claims.**

**5a. Total claims from Part 1**                                                            $0.00

**5b. Total claims from Part 2**                                                            $0.00

**5c. Total claims of Parts 1 and 2**                                                       $0.00
    Lines 5a + 5b = 5c

| Debtor Name | **TOMS KING III LLC** |
|---|---|

**United States Bankruptcy Court for the Northern District of Ohio**

Case number (if known): **23-50007-AMK**

☐ Check if this is an
amended filing

<u>Official Form 206G</u>
## Schedule G: Executory Contracts and Unexpired Leases
**12/15**

Be as complete and accurate as possible.  If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules.  There is nothing else to report on this form.

☒ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B)

**2. List all contracts and unexpired leases**

State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

| | | | |
|---|---|---|---|
| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | REAL PROPERTY LEASE - STORE 11556 | ARC BKMST41001, LLC<br>C/O AMERICAN FINANCE TRUST, INC<br>650 5TH AVE, 30TH FL<br>NEW YORK, NY 10019 |
| | State the term remaining<br>List the contract number of any government contract | 11/30/2038 | |
| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | REAL PROPERTY LEASE - STORE 4390 | FALKMOCO, LLC<br>1601 S MILITARY HWY<br>CHESAPEAKE, VA 23320 |
| | State the term remaining<br>List the contract number of any government contract | 4/29/2027 | |
| 2.3 | State what the contract or lease is for and the nature of the debtor's interest | REAL PROPERTY LEASE - STORE 7532 | HOLTZMAN OIL CORP<br>5534 N MAIN ST<br>MT JACKSON, VA 22842 |
| | State the term remaining<br>List the contract number of any government contract | 11/17/2027 | |
| 2.4 | State what the contract or lease is for and the nature of the debtor's interest | REAL PROPERTY LEASE - STORE 14906 | HOLTZMAN OIL CORP<br>5534 N MAIN ST<br>MT JACKSON, VA 22842 |
| | State the term remaining<br>List the contract number of any government contract | 8/13/2024 | |
| 2.5 | State what the contract or lease is for and the nature of the debtor's interest | REAL PROPERTY LEASE - STORE 12600 | MICHAEL A GIURBINO<br>ADDRESS REDACTED |
| | State the term remaining<br>List the contract number of any government contract | 4/29/2027 | |

Official Form 206G          Schedule G: Executory Contracts and Unexpired Leases          Page 1 of  2

**Additional Page(s) if Debtor has More Executory Contracts or Unexpired Leases**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| **2.6** | State what the contract or lease is for and the nature of the debtor's interest | REAL PROPERTY LEASE - STORE 10865 | **NADG NNN BK VA, LP**<br>**3131 MCKINNEY AVE, STE L-10**<br>**DALLAS, TX 75204** |
| | State the term remaining | 4/29/2027 | |
| | List the contract number of any government contract | | |
| **2.7** | State what the contract or lease is for and the nature of the debtor's interest | REAL PROPERTY LEASE - STORE 7609 | **STARR VENTURES, LLC**<br>**12 COLONY W DR**<br>**CHAMPAIGN, IL 61820** |
| | State the term remaining | 4/29/2027 | |
| | List the contract number of any government contract | | |

☐ Check if this is an
amended filing

Official Form 206H

**Schedule H: Codebtors**                                                                                  12/15

Be as complete and accurate as possible.  If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any codebtors?**

☒  No. Check this box and file this form with the court with the debtor's other schedules.  There is nothing else to report on this form.

☐  Yes.

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.**    Include all guarantors and co-obligors.  In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed.  If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | **Check all schedules that apply** |
| **NONE** | | | |

| Debtor Name | TOMS KING III LLC |
|---|---|

United States Bankruptcy Court for the Northern District of Ohio

Case Number: 23-50007-amk

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. 152, 1341, 1519, and 3571.

### ▮ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets- Real and Personal Property*   (Official Form 206 A/B)
- ☑ *Schedule D: Creditors Who Have Claims Secured by Property*   (Official Form 206 D)
- ☑ *Schedule E/F: Creditors Who Have Claims Unsecured Claims*   (Official Form 206 E/F)
- ☑ *Schedule G: Executory Contracts and Unexpired Leases*   (Official Form 206 G)
- ☑ *Schedule H: Codebtors*   (Official Form 206 H)
- ☑ *Summary of Assets and Liabilities for Non-Individuals*   (Official Form 206Sum)
- ☐ *Amended Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ *Other document that requires a declaration*

I, the Managing Owner & Managing Director of the TOMS KING III LLC, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 22 sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Executed on:  2/20/2023
     MM / DD / YYYY

Signature _____

W. Matthew Carpenter
Printed Name _____

Managing Owner & Managing Director
Title _____

| Debtor Name | **TOMS KING III LLC** |

**United States Bankruptcy Court for the Northern District of Ohio**

| Case number (if known): | **23-50007-AMK** |

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |

### 1. Gross Revenue from business

☒ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of Revenue | Gross Revenue (before deductions and exclusions) |
|---|---|---|

### 2. Non-business revenue

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☒ None

| | Description of sources of revenue | Gross Revenue from (before deductions and exclusions) |
|---|---|---|

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments of transfers - including expense reimbursements to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☒ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|

**4. Payments or other transfers of property made within 1 year before filing  this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

**X** None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

**X** None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

**X** None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

| Part 3: | Legal Actions or Assignments |
|---|---|

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

**X** None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

Official Form 207                    **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|

---

**Part 4:      Certain Gifts and Charitable Contributions**

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of gifts to that recipient is less than $1,000**

☒ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

---

**Part 5:      Certain Losses**

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☒ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106 A/B (Schedule A/B: Assets - Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|

---

**Part 6:      Certain Payments of Transfers**

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking

Official Form 207          **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

bankruptcy relief, or filing a bankruptcy case.

[X] None

| Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|

---

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

[X] None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

---

**13. Transfers not already listed on this statement**

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

[X] None

| Who received transfer? Address. | Description of property transferred or payments received or debts paid in exchange. | Date transfer was made | Total amount or value |
|---|---|---|---|

---

**Part 7:**  Previous Locations

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

[X] Does not apply

| Address | Dates of occupancy |
|---|---|

---

**Part 8:**  Health Care Bankruptcies

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

Official Form 207          **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

☑ No   Go to Part 9.
☐ Yes.  Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| | Location where patient records are maintained | How are records kept?<br>☐ Electronically<br>☐ Paper |

---

**Part 9:      Personally Identifiable Information**

---

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No
☐ Yes. State the nature of the information collected and retained. _____

    Does the debtor have a privacy policy about that information?
    ☐ No
    ☐ Yes.

---

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No   Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

    ☐ No. Go to Part 10.
    ☐ Yes. Fill in below:

| Name of plan | Employer identification number of plan |
|---|---|
| _____ | EIN: _____ |

Has the plan been terminated?
☐ No
☐ Yes

---

**Part 10:      Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

---

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☒ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| | | ☐ Checking<br>☐ Savings | | |

---

Official Form 207          Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

☐ Money Market
☐ Brokerage
☐ Other

---

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

[X] None

| Depository institution name and address | Names of anyone with access to it. Address | Description of contents | Does debtor still have it? |
|---|---|---|---|
| | | | ☐ No |
| | | | ☐ Yes |

---

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

[X] None

| Facility name and address | Names of anyone with access to it. Address | Description of contents | Does debtor still have it? |
|---|---|---|---|
| | | | ☐ No |
| | | | ☐ Yes |

---

**Part 11:     Property the Debtor Holds or Controls That the Debtor Does Not Own**

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

[X] None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | |

---

Official Form 207            **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 12:**     **Details About Environmental Information**

For the purpose of Part 12, the following definitions apply:
 - Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium)
 - Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
 - Hazardous material means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | ☐ Pending |
| | | | ☐ On appeal |
| Case number | | | ☐ Concluded |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |

**Part 13:**     **Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**

Official Form 207          Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

[X] None

| Business name and address | Describe the nature of the business | Employer identification number. Dates business existed |
|---|---|---|

---

**26. Books, records, and financial statements**
**26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.**

[ ] None

| | Name and address | Dates of service |
|---|---|---|
| 26a.1 | Grant L. Norrid<br>220 N Smith St, Ste 305,<br>Palatine, IL 60067 | 10/5/2020 - Present |
| 26a.2 | Joseph J. Horvat<br>220 N Smith St, Ste 305,<br>Palatine, IL 60067 | 11/21/2016 - Present |
| 26a.3 | Jill A. Cervenka<br>220 N Smith St, Ste 305,<br>Palatine, IL 60067 | 1/11/2021 - Present |
| 26a.4 | Ilisha D. Alabi<br>220 N Smith St, Ste 305,<br>Palatine, IL 60067 | 7/8/2021 - Present |
| 26a.5 | Tereso Jauregui<br>220 N Smith Street, Suite<br>305, Palatine, IL 60067 | 6/12/2017 - Present |

**26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.**

[X] None

| Name and address | Dates of service |
|---|---|

**26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.**

[ ] None

| | Name and address | If any books of account and records are unavailable, explain why |
|---|---|---|
| 26c.1 | TOMS King Holdings LLC<br>220 N Smith St, Ste 305,<br>Palatine, IL 60067 | |
| 26c.2 | TOMS King Services LLC<br>220 N Smith St, Ste 305,<br>Palatine, IL 60067 | |
| 26c.3 | TOMS King LLC<br>220 N Smith St, Ste 305,<br>Palatine, IL 60067 | |

---

Official Form 207          **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

| | | |
|---|---|---|
| 26c.4 | InfoSync Services<br>1938 N Woodlawn,<br>Wichita, KS 67208 | |
| 26c.5 | InfoSync Services<br>2601 NW Expressway,<br>Ste 333W, Oklahoma<br>City, OK 73112 | |
| 26c.6 | BDO<br>PO Box 642743,<br>Pittsburgh, Pennslyvania | |
| 26c.7 | Grant L. Norrid<br>220 N Smith St, Ste 305,<br>Palatine, IL 60067 | |
| 26c.8 | Joseph J. Horvat<br>220 N Smith St, Ste 305,<br>Palatine, IL 60067 | |
| 26c.9 | Jill A. Cervenka<br>220 N Smith St, Ste 305,<br>Palatine, IL 60067 | |
| 26c.10 | Ilisha Alabi<br>220 N Smith St, Ste 305,<br>Palatine, IL 60067 | |

**26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.**

[X] None

    **Name and address**

---

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

[✓] No

[ ] Yes.  Give the details about the two most recent inventories

| Name of the person who supervised<br>the taking of the inventory | Date of inventory | The dollar amount and basis<br>(cost, market, or other basis)<br>of each inventory |
|---|---|---|
| | | |

    **Name and address of the person who has possession of inventory records**

---

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| | Name | Address | Position and nature of<br>any interest | % of interest, if any |
|---|---|---|---|---|
| 28.1 | TOMS King Holding LLC | 220 N Smith St, Ste 305,<br>Palatine, IL 60067 | Managing Member | 95% |
| 28.2 | W. Matthew Carpenter | 220 N Smith St, Ste 305,<br>Palatine, IL 60067 | Managing Owner | 5% |

| 28.3 | RJ Dourney | 725 Flamstead Road Chester, VT 05143 | Independent Manager | 0% |
| 28.4 | Dan Dooley | 55 W Monroe, Ste 2350, Chicago, IL 606003 | Chief Restructuring Officer | 0% |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No
☐ Yes.  Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|------|---------|-------------------------------------|--------------------------------------------------|

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No
☐ Yes.  Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing this value |
|-------------------------------|------------------------------------------------------|-------|--------------------------------|
| Relationship to debtor | | | |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☑ Yes.  Identify below.

| Name of the parent corporation | Employer identification number of the parent corporation |
|--------------------------------|----------------------------------------------------------|
| 31.1   TOMS King Holdings LLC | 45-4455291 |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes.  Identify below.

| Name of the pension fund | Employer identification number of the pension fund |
|--------------------------|----------------------------------------------------|

**Part 14:** **Signature and Declaration**

**WARNING** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on. ___2/17/2023___
        MM / DD / YYYY

_____    Printed name  W. Matthew Carpenter
Signature of individual signing on behalf of the debtor

Position or relationship to the debtor   Managing Owner & Managing Director

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☑ No
☐ Yes

Official Form 207      **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**